O’Donnell, J.,
dissenting.
{¶ 42} I respectfully dissent.
{¶ 43} R.C. 4123.90 provides that “[n]o employer shall discharge * * * any employee because the employee filed a claim * * * for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.” (Emphasis added.) Thus, the statute supports the view that a retaliation claim can proceed only if a workplace injury inf del occurred. A court should not construe the statute in a manner to encourage fraudulent claims for workers’ compensation benefits, and here, the Bureau of Workers’ Compensation determined that there was no workplace injury. The evidence therefore supports *167 the trial court finding that Sierra Lobo, Inc., fired Onderko for filing a fraudulent claim.
Walter Haverfield, L.L.P., and Margaret A. O’Bryon, for appellee.
Taft, Stettinius & Hollister, L.L.P., Mark J. Valponi, Brian E. Ambrosia, and Jennifer B. Orr, for appellant.
The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging affirmance for amicus curiae Ohio Employment Lawyers Association.
Law Office of Thomas Tootle Co., L.P.A., and Thomas Tootle, urging affir-mance for amicus curiae Ohio Association for Justice.
Portman & Foley, L.L.P., and Frederic A. Portman, urging affirmance for amicus curiae Fraternal Order of Police Capital City Lodge No. 9.
Paul L. Cox, urging affirmance for amicus curiae Fraternal Order of Police of Ohio, Inc.
{¶ 44} The syllabus prepared by today’s majority contradicts the statute and is another example of the court failing to adhere to the rule of law and to recognize that the General Assembly is the policy-making body in our government and substituting its own judgment for that of the legislature.
{¶ 45} Accordingly, I would reverse the judgment of the Sixth District Court of Appeals.